IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

HASHIM ASAAD MUHAMMED SHABAZZ  *

    Plaintiff,  *

     v.  *   1:07-CV-755-MHT
                                (WO)

SYLVIA SUMMERS, *et al.*,  *

    Defendants.  *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged due to the conduct and actions of Defendants which he claims resulted in his unlawful arrest and imprisonment. Plaintiff also challenges actions taken by Defendants in initiating criminal charges against him and processing the cases arising from such charges. Plaintiff names as defendants Officer Sylvia Summers, Officer James Holley, District Attorney Doug Valeska, Assistant District Attorney Brad Mendheim, and attorney Marc Johnson. Plaintiff seeks damages and injunctive relief. Upon review of the complaint, the court concludes that dismissal of some of the claims presented in the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from

## I. DISCUSSION[2]

*A. The False Imprisonment Claim*

To the extent Plaintiff's complaint may be construed as containing an allegation that he is falsely imprisoned on criminal charges pending before the Circuit Court of Houston County, Alabama, because he is innocent of the charges lodged against him, such claim may not proceed in this § 1983 action.

It appears from a review of the instant complaint that the criminal charges about which Plaintiff complains are presently pending before the state courts of Houston County. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he

---

a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]Plaintiff, as noted, is proceeding *pro se* and, as is not uncommon in such situations, he has presented his allegations in a manner which is disjointed , rambling,  and difficult to follow.  Recognizing that *pro se* complaints are to be held to a less stringent standard than those drafted by an attorney, *Haines v. Kerner*. 404 U.S. 519, 501-21 (1972), the court has construed the claims presented in Plaintiff's complaint liberally.  *But see Peterson v. Atlanta Housing Auth.,* 998 F.2d 904, 912 (11th Cir. 1993) (the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it).

.

may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits.");

In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

*B. The Reputation Claim*

To the extent Plaintiff contends that Defendants defamed him by making false accusations against him, he is entitled to no relief. An alleged act of defamation of character or injury to reputation is not cognizable in a complaint filed under § 1983. *Paul v. Davis,* 424 U.S. 693, 710-12 (1976); *see also Von Stein v. Brescher*, 904 F.2d 572, 583

(11th Cir. 1990).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*C.  Defendants Valeska and Mendheim*

The court understands Plaintiff's complaint to challenge Defendants Valeska and Mendheim's conduct in initiating and prosecuting criminal charges against him.  "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)."  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendants Valeska and Mendheim arise from these defendants' roles "as 'advocates' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendants Valeska and Mendeim are, therefore, "entitled to absolute immunity for that conduct." *Id*. Thus, Plaintiff's request for damages against Defendants Valeska and Mendheim lacks an arguable basis and is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke*, 490 U.S. at 327. As previously determined, Plaintiff is not entitled to declaratory or injunctive relief for any adverse action taken during the state court proceedings related to his pending criminal charges before the Circuit Court of Houston County, Alabama.

*D. Claims Against Defense Counsel Marc Johnson*

Plaintiff complains that Defendant Johnson, the attorney appointed to represent him in his state court criminal proceedings, is ineffective. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119

5

S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Plaintiff's claims against Defendant Johnson are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's reputation claim be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's claims against Defendants Valeska, Mendheim, and Johnson be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

3. Defendants Valeska, Mendheim, and Johnson be DISMISSED as parties to the complaint; and

4. This case with respect to Plaintiff's false arrest/unlawful seizure claims against Defendants Holley and Summers be REFERRED back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 12, 2007. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of August 2007.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE