IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

HASHIM ASAAD MUHAMMED SHABAZZ   *

    Plaintiff,                                         *

    v.                                                  *      1:07-CV-755-MHT
                                                            (WO)

SYLVIA SUMMERS, *et al.*,               *

    Defendants.                                  *

_____

**ORDER ON MOTION**

On October 10, 2007 Plaintiff filed a pleading in the above-captioned action labeled a *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*. To the extent Plaintiff, in filing said pleading, seeks permission to amend the instant complaint to add claims for habeas corpus relief or to amend the relief sought in this matter to include a request that he be immediately released from pre-trial detention, the motion shall be denied.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 action for federal writ of habeas corpus challenging the basis for ongoing detention, a

prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500.  A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.[1]  *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, Plaintiff's October 10, 2007 pleading, construed as a motion to amend complaint to add claims for habeas corpus relief and/or a request for his immediate release (*Doc. No. 16*), be and is hereby DENIED.

Done, this 22nd day of October 2007.

 /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[1] Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus . To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his detention, conviction, and/or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. 486-87.