IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| HASHIM ASAAD MUHAMMED SHABAZZ, )<br>)<br>    Plaintiff, )<br>) <br>    v. )<br>)<br>SYLVIA SUMMERS, et al., )<br>)<br>    Defendants. ) | <br><br><br><br>CIVIL ACTION NO.<br>1:07cv755-MHT<br>(WO) |

ORDER AND OPINION

Proceeding pro se, plaintiff Hashim Asaad Muhammed Shabazz filed this lawsuit pursuant to 42 U.S.C. § 1983 against defendants Sylvia Summers and James Holley, two police officers, on August 24, 2007. Shabazz alleges that his constitutional rights were violated when Summers subjected him to a false arrest on May 17, 2007, which resulted in his imprisonment in the Dothan City Jail, and when Holley subjected him to a false arrest on June 10, 2007, which resulted in his imprisonment in the Houston County Jail.

This cause is now before the court on Shabazz's motion to extend time to appeal, which the court is treating as a motion to reopen the time to appeal the court's final judgment from February 19, 2010.  For the reasons that follow, this motion will be granted.

## I.  BACKGROUND

A brief partial chronology of the case is warranted. On January 19, 2010 the magistrate judge entered a recommendation that defendants' motion for summary judgment be granted.  Shabazz filed objections to the recommendation on February 5.  On February 19, this court entered an order overruling the objections and adopting and accepting the magistrate judge's recommendation.

On April 26, Shabazz filed a document captioned "Motion to Extend Time to Appeal," but did not file a separate motion to reopen.  This court, however, will construe the document as a motion to reopen.  See Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

2

(explaining that pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys).

## II.  DISCUSSION

The Federal Rules of Appellate Procedure require that notice of appeal in a civil case "be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).  Rule 4(a)(5) allows a district court to extend the time to file a notice of appeal if a party moves for an extension no later than 30 days after the time to file an appeal expires.  Fed. R. App. P. 4(a)(5).  Because Shabazz has not met the time limits in Rule 4(a)(5), no extension of time under this subsection is available.

Rule 4(a)(6), however, provides that:

> "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

3

>    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
>    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
>    (C) the court finds that no party would be prejudiced."

Fed. R. App. P. 4(a)(6).  The Eleventh Circuit Court of Appeals has stated that, "By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." <u>Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co.</u>, 279 F.3d 1306, 1309 (11th Cir. 2002).

In this case, Shabazz maintains in his motion to reopen the time to appeal that he was unaware of the court's final judgment "until a few days ago" as a result

4

of "circumstantial interference."  Shabazz's motion is dated April 18, 2010.  By a "few days," the court concludes that Shabazz received notice of the court's final judgment within three days of April 18, or on April 15, which was more than 21 days after the order and judgment were entered on February 19.  Shabazz filed his motion with the court on April 26, which, in accordance with the provisions of Rule 26(a)(1-4), was within 14 days after he states he received notice of the court's February 19 order and final judgment.  Fed. R. App. P. 26(a)(1-4). (Rule 26 provides that "in computing any period of time specified in these rules ..., exclude the day of the event that triggers the period; count every day, including intermediate Saturdays, Sundays, and legal holidays; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. App. P. 26(a)(1).)

Finally, the court concludes that re-opening the time within which Shabazz may file an appeal would not unfairly prejudice defendants. The purpose of the notice of appeal itself "is to ensure ... sufficient notice [of the litigant's intent to seek appellate review] to other parties and the courts." <u>Smith v. Barry</u>, 502 U.S. 244, 248 (1992).

***

For the foregoing reasons, it is ORDERED that:

(1) Plaintiff Hashim Shabazz's motion to extend time for appeal (doc. no. 109) is treated as a motion to reopen the time to appeal.

(2) Said motion is granted.

(3) Plaintiff Shabazz is allowed until October 7, 2010, to file notice of appeal of the court's final judgment. Plaintiff Shabazz is cautioned that the court has no power to grant an extension beyond that date.

DONE, this the 23rd day of September, 2010.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE